# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN S. VANDERBOL III § | |
| § | Civil Action No. 4:18-CV-882 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| STEPHANIE A. TULLER, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 26, 2019, the Report of the Magistrate Judge ("Report") (Dkt. #109) was entered containing proposed findings of fact and recommendations that Defendants James Moss, Jensen Schwartz-Vanderbol, the State of Oklahoma, and the State of Texas's Motions to Dismiss (Dkts. #29; #42; #43; #44) be granted, and further recommending that Defendant Schwartz-Vanderbol's Motion to Vacate Clerk's Entry of Default (Dkt. #56) be granted, the Clerk's Entry of Default against Defendant Schwartz-Vanderbol be set aside (Dkt. #41), Plaintiff's Motion for Default Judgment against Defendant Tuller (Dkt. #57) and Plaintiff's Motion for Default Judgment against Schwartz-Vanderbol (Dkt. #63) each be denied. The Report additionally recommended that each of Plaintiff's Motion for Emergency Injunctive Relief (Dkt. #5), Plaintiff's Motion for Preliminary Injunctive Relief (Dkt. #8), Plaintiff's Request for Preliminary Injunction (Dkt. #24), Plaintiff's Motion for Relief and Notice of Defendant's Non-Compliance (Dkt. #49), and Plaintiff's Motion for Emergency Relief (Dkt. #69) be denied, and to the extent affirmative relief was sought in any of Plaintiff's Responses and/or Construed Responses (Dkts. #46; #49; #58; #62; #74; #90; #92) that such relief be denied. The report finally ordered that Plaintiff's Motion for Leave to File Plaintiff's 4th Amended Complaint (Dkt. #98) be denied. Having received the report

of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #110), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted as set forth herein.

## RELEVANT BACKGROUND

Plaintiff and Defendant Stephanie A. Tuller ("Tuller") divorced in 2006 (Dkt. #11-7). The Missouri court entered a divorce decree awarding joint custody of the couple's minor child, and ordering Plaintiff pay child support (Dkt. #11-7 at pp. 2–10). Tuller later sought to domesticate, enforce, and modify the decree in Oklahoma in early 2012. *Vanderbol v. Tuller*, CIV-17-128-HE, 2017 WL 2417025, at *2 (W.D. Okla. June 2, 2017), *appeal dismissed sub nom. Vanderbol v. Christensen*, 17-6210, 2017 WL 8727423 (10th Cir. Dec. 11, 2017). The Oklahoma state court entered a default judgment against Plaintiff and awarded Tuller sole custody. *Id*. In 2015, upon Plaintiff's Motion to Vacate the judgment, the Oklahoma Court of Civil Appeals affirmed in part and reversed in part, holding that the Oklahoma District Court lacked jurisdiction at the time it attempted to modify the Missouri decree. *Id*. Soon thereafter, the Oklahoma court properly acquired jurisdiction. Since then, the matter has been litigated in courts throughout Texas and Oklahoma, against any person or sovereign that interacted with the suit in any meaningful way.[1]

After a lack of success in the state courts and the Western District of Oklahoma, Plaintiff filed the instant action in this Court on December 19, 2018 (Dkt. #1). Despite having his claims dismissed, for failure to state a claim, in the Western District of Oklahoma, Plaintiff asserts

---

[1] *In re Marriage of Vanderbol: Tuller v. Vanderbol* (CV15-00727); *In Matter of the Marriage of Vanderbol and In the Interest of a Minor Child* (CV16-00095); *In the Interest of a Child* (CV16-00162); *and In the Interest of a Child* (CV16-00447); *In Matter of the Marriage of Vanderbol and In the Interest of a Minor Child* (CV18-00140); *In the Interest of J.V., a Minor Child* (02-17-00231-CV) *and In the Interest of J.V., a Minor Child* (No. 02-17- 00348-CV); *In Re John S. Vanderbol, Realtor* (02-18-00314-CV); *In Vanderbol v. Tuller* (02-18-00382-CV)*; In Vanderbol v. Ogden* (No. 114, 991); *In Vanderbol v. Tuller* (Civ-16-1422-M)*; In Vanderbol v. Christensen* (Civ-17-128-D); *In Vanderbol v. Christensen* (2017-2278); *In Vanderbol v. Christensen* (17-6210).

seemingly indistinguishable claims before this Court. *See Vanderbol v. Tuller*, CIV-16-1422-HE; *Vanderbol v. Tuller*, 2017 WL 2417025. Plaintiff alleges that his ex-wives, their attorneys, the presiding state-court judges and the States of Oklahoma and Texas have engaged in a multi-faceted "conflictioneering" and "racketeering" conspiracy which ultimately led to Plaintiff's financial and health complications (Dkts. #11 at pp. 2–3; #11-5 at p. 29). Defendants James Moss, Jensen Schwartz-Vanderbol, the State of Oklahoma, and the State of Texas moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(6) (Dkts. #29; #42; #43; #44). On August 26, 2019, the Magistrate Judge recommended that each of the Defendants' Motions to Dismiss be granted. Specifically, the Magistrate Judge's report found: (1) that the entry of default should be set aside as to Defendant Schwartz-Vanderbol; (2) the *Rooker-Feldman* doctrine divests the Court of jurisdiction over the entirety of Plaintiff's claims; (3) Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) due to Defendant States Oklahoma and Texas's sovereign immunity, and pursuant to Rule 12(b)(6) due to Plaintiff's failure to state a claim; and (4) granting Plaintiff's request for leave to amend his complaint would be futile. (Dkt. #109).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). On August 29, 2019, Plaintiff filed his Objections to the Magistrate Judge's report (Dkt. #110). Therein, Plaintiff objects to the Magistrate Judge's report on grounds that: (1) the Court has federal question jurisdiction over his claims; (2) sovereign immunity is inapplicable; and (3) default was proper as to Defendants Schwartz-Vanderbol and Tuller (Dkt. #110).

At the outset, Plaintiff's claims herein hinge almost entirely on his reading of the Oklahoma appellate court's mandate (Dkt. #8-2). As was made clear by the Western District of Oklahoma— the Oklahoma District Court lacked jurisdiction to modify Plaintiff and Defendant Tuller's Missouri Custody Order *at the time* the Oklahoma District Court attempted to do so. *See Vanderbol v. Tuller*, 2017 WL 2417025, at *4. Despite the District Court later acquiring jurisdiction, Plaintiff reads the Oklahoma Court of Civil Appeal's decision as rendering void any subsequent action taken by the Oklahoma District Court (Dkt. #110 at p. 12). Plaintiff cites *People v. Green* for support, which states in relevant part, "[a] judgement which is void upon its face, and which requires only an inspection of the judgment … to demonstrate it wants of vitality is a dead limb upon the judicial tree…." 74 Cal. 400, 405, 16 P. 197, 199 (1887). Plaintiff's interpretation presupposes any order subsequently issued by the Oklahoma District Court is void upon its face (Dkt. #8-2 at p. 9). Several courts, including the report of the Magistrate Judge, have attempted to make clear to Plaintiff: The Oklahoma District Court properly acquired jurisdiction when the Missouri court determined it no longer had continuing, exclusive jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") (Dkt. #11-8). Such an interpretation cannot properly be the basis for the many fraud accusations that comprise Plaintiff's pleadings.

***Objections to the Magistrate Judge's Report as a Whole***

Plaintiff asserts that the Magistrate Judge's reliance on the Oklahoma District Court determinations "negates her authority to grant the Defendant's relief she recommends" (Dkt. #110 at pp. 12–13). To the extent Plaintiff is broadly objecting to the report in its entirety, such objection is overruled. Objections to a report must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419,

421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required.). A party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects. The District Court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). The Court now turns to the alleged errors specifically identified in Plaintiff's objections.

*The Court's Jurisdiction and* **Rooker-Feldman** *Doctrine*

Plaintiff objects to the report's conclusion that "*Rooker-Feldman* divests this Court of jurisdiction over the entirety of Plaintiff's claims" (Dkt. #109 at p. 23), asserting that "[c]learly, the Federal Court has subject matter jurisdiction in this case based upon the interstate commerce aspect, and the review of claims under Title IV, and the review of color of law violations under abuse of official right" (Dkt. #110 at p. 10). Plaintiff continues that "[n]one of Plaintiff's claims result from him 'losing' a state case, factually they arise from the failure of the States to adhere to statute, and the United States Constitution, and said failures came from criminal activity over states" and specifically contends that the Court maintains federal question jurisdiction (Dkt. #110 at pp. 9–10). The Court disagrees. As indicated in the report, "Plaintiff's Amended Complaint and his various motions for injunctive relief each seek redress from various orders previously entered by Texas and Oklahoma state courts related to the custody of Plaintiff's minor child…. It is apparent on the face of Plaintiff's pleadings…that Plaintiff's claims are driven by his dissatisfaction with the rulings made in the underlying child custody proceedings subsequent to the 2015 Oklahoma appellate court's mandate and that he is doing nothing more than attacking the decisions of the Texas and Oklahoma state courts in a new forum" (Dkt. #109 at pp. 20–22).

Plaintiff's misunderstanding surrounding the propensity of the Oklahoma court's jurisdiction does not confer jurisdiction on this Court. "[F]ederal district courts, as courts of original jurisdiction, *lack appellate jurisdiction to review, modify, or nullify final orders of state courts.*" *Nagy v. George*, No. 3:07 CV 368 K, 2007 WL 2122175, at *4 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008) (emphasis added).

Similarly, because the Court lacks jurisdiction, Plaintiff's arguments that he "stated enough facts to support a RICO claim which was plausible on its face" (Dkt. #110 at p. 6) and that Defendants failed to challenge his RICO claim (Dkt. #110 at pp. 6–7) necessarily fail. Notwithstanding, the Court additionally notes that Plaintiff has not demonstrated that any of Defendants Moss, Tuller, Schwartz-Vanderbol, and/or Christensen are or were state actors engaged in state action that would render them capable of suit pursuant to section 1983 and Plaintiff's RICO claims. Plaintiff continues to allege that Defendants were "engaged in the pattern of behavior of collusion and conspiracy" (Dkt. #110 at p. 14) but still fails to explain how the Defendants were state actors and/or engaged in state action. As explained in the report:

> Plaintiff has failed to allege that Defendant Moss is and/or was a state actor or was engaged in state action. The entirety of Plaintiff's allegations against Defendant Moss relate to Moss's representation of Plaintiff's former spouse in the underlying child custody proceedings, which is insufficient to establish Defendant Moss is a state actor. Private attorneys, even if appointed by the court, are not official state actors, and generally are not subject to suit under § 1983. Filing motions and other pleadings and engaging in the representation of his client are the actions Moss is alleged to have undertaken. This is an insufficient basis upon which to state Moss was acting under "color of law".
>
> Plaintiff has similarly failed to allege that Defendants Tuller and Schwartz-Vanderbol, Plaintiff's former spouses, and Christensen, opposing counsel in Plaintiff's custody proceeding, are and/or were state actors or were engaged in state action. Plaintiff alleges that both of his former spouses and their counsel, all of whom are private individuals, promulgated and even directed the widespread conspiracy against Plaintiff involving the various state family courts by pursuing their parental and/or marital rights in Texas and Oklahoma. However, no state action is involved when the state merely opens its tribunals to private litigants.

(Dkt. #109 at pp. 26–27) (internal citations and quotations omitted).[2] Plaintiff's objections are overruled.

*Sovereign Immunity*

Plaintiff additionally objects to the report's finding that Plaintiff's claims against the States of Oklahoma and Texas are barred by Eleventh Amendment sovereign immunity (Dkts. #109 at pp. 14–16; Dkt. #110 at p. 3). Specifically, Plaintiff alleges "[d]efendant[s] are not immune as they allege" (Dkt. #110 at p. 3). Although notably vague, the Court construes Plaintiff's objection to contest the report's finding that the States of Oklahoma and Texas are protected from suit under the Eleventh Amendment and the inapplicability of *Ex Parte Young*. Plaintiff provides no factual or legal authority to support Plaintiff's contentions. As the report made clear (Dkt. #109 at p. 14), Eleventh Amendment protection applies to the State, its agencies and officials acting in their official capacities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984). Moreover, the exception espoused in *Ex Parte Young* applies to "acts by state officials" and is therefore inapplicable to the states. *See McGarry v. Univ. of Mississippi Med. Ctr.*, 355 F. App'x 853, 856-57 (5th Cir. 2009). Accordingly, Plaintiff's objection is overruled.

*Entry of Default*

As it relates to the report's conclusions surrounding the default entries as to Defendants Schwartz-Vanderbol and Tuller, Plaintiff argues that "[t]he Magistrate failed to recognize or comment on the records reflection of the DUAL service of Defendants' [sic] Schwartz-Vanderbol

---

[2] The Court also notes, and the Western District of Oklahoma pointed out previously, "[T]he complaint refers to various criminal statutes as the basis for plaintiff's claims. However, to the extent plaintiff's claims rely on such statutes, they must be dismissed. As a general rule, criminal statutes do not translate into a private right of action for a plaintiff's civil claims, nor do private litigants have the right to otherwise enforce criminal statutes." *Vanderbol v. Tuller*, No. CIV-17-128-HE, 2017 WL 2417025, at *4 (W.D. Okla. June 2, 2017), *appeal dismissed sub nom*. *Vanderbol v. Christensen*, No. 17-6210, 2017 WL 8727423 (10th Cir. Dec. 11, 2017) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007)).

and Tuller" (Dkt. #110 at p. 10). The report found that Defendant Schwartz-Vanderbol "was initially not properly served [because] Plaintiff sought to serve Defendant through her legal counsel in an unrelated matter" (Dkt. #109 at p. 9) and further opined that "[i]t is unclear to the Court whether Defendant [Schwartz-Vanderbol] has been properly served at this juncture given the conflicting allegations regarding service" (Dkt. #109 at p. 10, n. 19). Even assuming service was proper—as alleged by Plaintiff—the decision to set aside an entry of default for good cause "is committed to the sound discretion of the trial court." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183-84 (5th Cir. 1992). Defendant Schwartz-Vanderbol's Motion to Dismiss indicates an intention to defend her case; default judgments are generally disfavored in the Fifth Circuit. The Court concurs with the report that "on balance, there is no evidence that Defendant's failure to act was willful, no evidence that Plaintiff will experience unfair prejudice by allowing default to be set aside, and Defendant alleges defenses to Plaintiff's claims" (Dkt. #110 at p. 11). Plaintiff's objections are overruled.

*Futility of Amendment*

Lastly, Plaintiff appears to take issue with the Magistrate Judge's order denying Plaintiff's Motion for Leave to File Plaintiff's 4th Amended Complaint (Dkt. #98). Plaintiff asserts that "Defendants and the Magistrate failed to recognize Fed. Rule Civ. P. Rule 15(d) was amended in 1963 to include the discretion of the Court to permit a supplemental pleading despite the preceding pleading being defective" (Dkt. #110 at p. 11). The Court notes that Plaintiff's Motion for Leave was not in compliance with the local rules as it did not attach his proposed Fourth Amended Complaint to the Motion. Such was a basis in and of itself to deny Plaintiff's Motion for Leave. Furthermore, as noted in the report, Plaintiff has already been provided an ample opportunity to file an amended complaint setting forth any and all factual allegations and/or claims asserted by

8

Plaintiff in this matter (Dkt. #109 at p. 30). Federal Rule of Civil Procedure 15(a)(1) does not apply as Plaintiff has sought leave more than twenty-one days after service of his First Amended Complaint and/or Defendants' Motion to Dismiss. Neither does Rule 15(a)(2) apply as Plaintiff's has repeatedly failed to cure deficiencies in his pleadings; justice does not require Plaintiff be given a further opportunity to amend his pleadings. The Court denies any request to reconsider the order of the Magistrate Judge denying Plaintiff's Motion for Leave to File Plaintiff's 4th Amended Complaint (Dkt. #98).

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #110), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #109) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants James Moss, Jensen Schwartz-Vanderbol, State of Oklahoma, and State of Texas's Motions to Dismiss (Dkts. #29; #42; #43; #44) are each **GRANTED**, and the entirety of Plaintiff's claims are dismissed without prejudice for lack of jurisdiction.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**

**SIGNED this 26th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE