# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JOHN S. VANDERBOL III<br><br>v.<br><br>STEPHANIE A. TULLER, ET AL. | §<br>§  Civil Action No. 4:18-CV-882<br>§  (Judge Mazzant/Judge Nowak)<br>§<br>§<br>§ |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 15, 2020, the report of the Magistrate Judge (Dkt. #117) was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Alter Judgment (Dkt. #112) and Request for Findings of Fact and Conclusions of Law (Dkt. #113) be denied.  Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #118), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

Plaintiff filed the instant suit on December 19, 2018 (Dkt. #1).  The various State and individual Defendants each filed motions to dismiss Plaintiff's claims, which the Magistrate Judge recommended granting on August 26, 2019 (Dkt. #109).  Plaintiff's claims were dismissed, in their entirety, under *Rooker-Feldman* for lack of jurisdiction (Dkt. #111).  Thereafter, Plaintiff filed a Motion to Alter Judgment (Dkt. #112) and Request for Findings of Fact and Conclusions of Law (Dkt. #113) urging reconsideration was necessary because the Court had erred in determining it lacked jurisdiction.  On July 15, 2020, the Magistrate Judge recommended each of Plaintiff's post-dismissal filings be denied and that no basis exists for amending the Court's earlier determination (Dkt. #117).  Plaintiff filed Objections to the report on July 28, 2020 (Dkt. #118).

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff's Objections focus primarily on purported errors of the Magistrate Judge in reciting the facts applicable to Plaintiff's cause, namely those related to the alleged fraud perpetrated by Defendant Tuller and her divorce counsel, whether such conduct constitutes a Racketeer Influences and Corrupt Organizations ("RICO") violation, and the jurisdiction of the Oklahoma state court in modifying Plaintiff's custody decree from the Missouri state court (Dkt. #118). Plaintiff argues "[t]he Magistrate [Judge] decided a lack of jurisdiction without a clear understanding of the facts of the case" (Dkt. #118 at p. 13). However, each of Plaintiff's Objections are resolved by the Court's earlier finding that *Rooker-Feldman* bars this Court's consideration of Plaintiff's claims. The Magistrate Judge noted each of Plaintiff's fraud-based allegations before determining:

> It is apparent on the face of Plaintiff's pleadings (*see supra*) that Plaintiff's claims are driven by his dissatisfaction with the rulings made in the underlying child custody proceedings subsequent to the 2015 Oklahoma appellate court's mandate and that he is doing nothing more than attacking the decisions of the Texas and Oklahoma state courts in a new forum. As noted above, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."

(Dkt. #109 at pp. 20–22) (quoting *Nagy v. George*, No. 3:07 CV 368 K, 2007 WL 2122175, at *4 (N.D. Tex. July 23, 2007), *aff'd*, 286 F. App'x 135 (5th Cir. 2008)). In addressing claims essentially identical to those raised in the instant suit, the United States District Court for the Western District of Oklahoma advised:

> Further, it is worth noting that what appears to be the lynchpin of plaintiff's conspiracy theories—the impact of the Court of Civil Appeals decision and the parties' actions subsequent to it—reflects a fundamental misunderstanding of the

> nature and effect of that decision. Plaintiff suggests that once the Court determined subject matter jurisdiction to be lacking, <u>everything</u> which occurred in the court proceedings after that determination was necessarily void. That is simply inaccurate. The Court of Appeals determined that the Oklahoma district court lacked jurisdiction to make a custody determination <u>as of the date of the default judgment</u>. It did not say that an Oklahoma court could <u>never</u> acquire jurisdiction over the custody relationship. Indeed, it explicitly noted that the Missouri court found that Oklahoma had jurisdiction over the child custody issues, but that finding had not occurred as of the date of the default judgment. The actions necessary to Oklahoma jurisdiction could, and apparently did, occur later. As a result, plaintiff's various arguments premised on the idea that all later actions by the defendants were necessarily contrary to the appellate ruling lack a substantial basis.

*Vanderbol v. Tuller*, No. CIV-17-128-HE, 2017 WL 2417025, at *4 (W.D. Okla. June 2, 2017) (emphasis in original). Similarly, in adopting the Magistrate Judge's report, the undersigned reached the same conclusion and further noted, "Plaintiff's misunderstanding surrounding the propensity of the Oklahoma court's jurisdiction does not confer jurisdiction on this Court" (Dkt. #111 at p. 6). Notably, Plaintiff also raised the same RICO arguments he raises now when objecting the Magistrate Judge's recommendation for dismissal of Plaintiff's claims; there, the Court explained, "because the Court lacks jurisdiction, Plaintiff's arguments that he 'stated enough facts to support a RICO claim which was plausible on its face' . . . and that Defendants failed to challenge his RICO claim . . . necessarily fail" (Dkt. #111 at p. 6). The Court finds once again that Plaintiff fails to raise any persuasive or novel arguments as to why *Rooker-Feldman* should not bar his claims in this instant suit. As such, Plaintiff's Objections are overruled.

It is, therefore, **ORDERED** that Plaintiff's Motion to Alter Judgment (Dkt. #112) and Request for Findings of Fact and Conclusions of Law (Dkt. #113) are hereby **DENIED**.

**IT IS SO ORDERED**.
**SIGNED** this 21st day of August, 2020.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE